# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dan J Doom, | No. CV-18-08052-PCT-JJT |
| Plaintiff/Counter Defendant, | **ORDER** |
| v. | |
| Ann B Seymour, | |
| Defendant/Counter Claimant. | |

At issue is Defendant Ann B Seymour's Notice of Removal (Doc. 1), in which she represents that this Court has subject matter jurisdiction over this action.

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to remand a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); 28 U.S.C. § 1447(c)**.** To proceed in federal court, a removing defendant must provide a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The removing party carries the burden of establishing subject matter jurisdiction, and "[a]ll doubts about

federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *see* 28 U.S.C. § 1447(c).

First, from the face of the Notice of Removal (Doc. 1 at 2) and Complaint (Doc. 1 at 14), Defendant may not remove this action based on diversity jurisdiction, because she is a citizen of Arizona, the State in which the action was brought. *See* 28 U.S.C. § 1441(b)(2). Second, Plaintiff's state law forfeiture and eviction claims do not arise under federal law. *See* 28 U.S.C. § 1331.

In her Notice of Removal, Defendant contends that federal question jurisdiction arises through her "Cross-Complaint" claim[1] against Plaintiff under a federal criminal statute for mail fraud, 18 U.S.C. § 1341, and the Truth in Lending Act ("TILA") (Doc. 1 at 2.) A plaintiff in a civil case may not bring a claim under a criminal statute, so Defendant's mail fraud claim would fail.

As for Defendant's TILA claim, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). The Court must thus determine if Defendant's TILA claim—presuming it has merit—falls into the extremely rare category of federal claims that necessarily arise from state law claims. *See Gun v. Minton*, 568 U.S. 251, 258 (2013). The federal requirements under TILA are not necessarily raised by Plaintiff's claims for forfeiture and eviction under Arizona state law, so the Court lacks federal question jurisdiction based on Plaintiff's Complaint. Because the Court lacks subject matter jurisdiction, the Court must remand this action to state court under 28 U.S.C. § 1447(c).

. . . .

. . . .

. . . .

---

[1] A claim by a defendant against a plaintiff is referred to as a counter-claim, not a cross-claim.

IT IS THEREFORE ORDERED that the Clerk of Court shall remand this action to Apache County Superior Court as soon as is practicable and close this case.

Dated this 14th day of March, 2018.

Honorable John J. Tuchi
United States District Judge